# U. S. District Court
## Western District of Arkansas (Harrison)
## CIVIL DOCKET FOR CASE #: 3:11–cv–03078–PKH

Stebbins v. Harp &Associates Real Estate Services
Assigned to: Honorable P. K. Holmes, III
 Case in other court:  8th Circuit Court of Appeals, 11–03351
Cause: 29:754 Discrimination

Date Filed: 09/09/2011
Date Terminated: 01/02/2013
Jury Demand: Plaintiff
Nature of Suit: 443 Civil Rights:
Accommodations
Jurisdiction: Federal Question

**Plaintiff**

**David A. Stebbins**
represented by **David A. Stebbins**
123 W. Ridge St.
Apt. D
Harrison, AR 72601
870–204–6516
PRO SE

V.

**Defendant**

**Harp &Associates LLC**
*also known as*
Harp &Associates Real Estate Services
represented by **Edwin L. Lowther , Jr.**
Wright, Lindsey &Jennings LLP
200 W. Capitol Avenue
Suite 2300
Little Rock, AR 72201–3699
(501) 371–0808
Email: elowther@wlj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew A. Glover**
Wright Lindsey Jennings LLP
200 W. Capitol Avenue
Suite 2300
Little Rock, AR 72201
(501) 371–0808
Fax: (501) 376–9442
Email: mglover@wlj.com
*TERMINATED: 03/30/2012*

**Seth R. Jewell**
Wright Lindsey &Jennings, LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201
501–212–1220

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/09/2011 | 1 | | COMPLAINT with Jury Demand against Harp &Associates Real Estate Services, filed by David A. Stebbins.(lw) (Entered: 09/09/2011) |
| 09/09/2011 | 2 | | MOTION for Leave to Proceed in forma pauperis by David A. Stebbins. (lw) (Entered: 09/09/2011) |
| 09/09/2011 | 3 | | MOTION for Service by David A. Stebbins. (lw) (Entered: 09/09/2011) |
| 09/09/2011 | | | MOTIONS REFERRED: 3 MOTION for Service, 2 MOTION for Leave to Proceed in forma pauperis. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 09/09/2011) |
| 09/09/2011 | 4 | | CIVIL COVER SHEET for case initiated by David A. Stebbins. (lw) (Entered: 09/09/2011) |
| 09/09/2011 | 5 | | MOTION for Preliminary Injunction by David A. Stebbins. (lw) (Entered: 09/09/2011) |
| 10/04/2011 | | | TEXT ONLY ORDER REFERRING MOTION: 5 MOTION for Preliminary Injunction filed by David A. Stebbins. Signed by Honorable P. K. Holmes, III on October 4, 2011. Motions referred to Honorable James R. Marschewski.(jlg) (Entered: 10/04/2011) |
| 10/28/2011 | 6 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 11–3351, in the 8th Circuit Court of Appeals by David A. Stebbins (Attachments: # 1 8USCA Letter)(mfr) (Entered: 10/28/2011) |
| 10/28/2011 | | | TEXT ONLY NOTICE of Change of Address for David Stebbins per new address provided in 6 Petition for Writ of Mandamus Notice (USCA) and per change of address entered in case 11–3057. (mfr) (Entered: 10/28/2011) |
| 10/28/2011 | | | USCA Case Number 11–3351, 8th Circuit Court of Appeals. Please see 6 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins. (mfr) (Entered: 10/31/2011) |
| 11/15/2011 | 7 | | REPORT AND RECOMMENDATIONS re 5 MOTION for Preliminary Injunction filed by David A. Stebbins. Objections to RRdue by 12/2/2011. Signed by Honorable James R. Marschewski on November 15, 2011. (lw) (Entered: 11/15/2011) |
| 11/15/2011 | 8 | | ORDER DIRECTING SERVICE on Defendant and granting 21 days to answer from the date of service; granting 2 Motion for Leave to Proceed in forma pauperis and denying as moot 3 Motion for Service. Further directing Clerk of Court to prepare and issue summons and USM 285 for Defendant and forward those documents to the USMS. Signed by Honorable James R. Marschewski on November 15, 2011. (cc: U.S. Marshals Service–Certified)(lw) (Entered: 11/15/2011) |
| 11/15/2011 | | | Summons Issued as to Harp &Associates Real Estate Services and USM285 Form Delivered to USMS for each defendant for whom summons was issued with the following documents attached: 8 Order Directing Service, 1 |

| | | | |
|---|---|---|---|
| | | | Complaint and Magistrate Notice/Consent form furnished to defendant. (lw) (Entered: 11/15/2011) |
| 11/15/2011 | 9 | | ORDER of USCA as to 6 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins regarding filing fee. (jn) (Entered: 11/15/2011) |
| 11/16/2011 | 10 | | ORDER of USCA requesting any portions of the original record which are not available in an electronic format through PACER be submitted within 10 days. There are no documents to send. (jn) (Entered: 11/16/2011) |
| 11/21/2011 | 11 | | MOTION for Issuance of Subpoena by David A. Stebbins. (tg) (Entered: 11/21/2011) |
| 11/21/2011 | | | TEXT ONLY ORDER REFERRING MOTION: 11 MOTION for Issuance of filed by David A. Stebbins. Signed by Honorable P. K. Holmes, III on November 21, 2011. Motions referred to Honorable James R. Marschewski.(jlg) (Entered: 11/21/2011) |
| 12/01/2011 | 12 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying as moot 6 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins (Attachments: # 1 USCA Judgment)(jn) (Entered: 12/01/2011) |
| 12/20/2011 | 13 | | ORDER ADOPTING REPORT AND RECOMMENDATIONS in its entirety and denying plaintiff's 5 Motion for Preliminary Injunction. Signed by Honorable P. K. Holmes, III on December 20, 2011. (rw) (Entered: 12/20/2011) |
| 12/21/2011 | 14 | | USM–285/SUMMONS Returned Executed by David A. Stebbins. Harp &Associates Real Estate Services served on 11/15/2011, answer due 12/6/2011. (lw) (Entered: 12/21/2011) |
| 12/30/2011 | 15 | | NOTICE of Appearance by Edwin L. Lowther, Jr on behalf of All Defendants. (Lowther, Edwin) (Entered: 12/30/2011) |
| 12/30/2011 | 16 | | ANSWER to 1 Complaint by Harp &Associates Real Estate Services.(Lowther, Edwin) (Entered: 12/30/2011) |
| 01/03/2012 | | | CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Defendant Harp &Associates Real Estate Services. Notice of Appearance 15 , Answer to Complaint 16 lists multiple attorneys appearing for the filer. The following attorney(s), who did not sign the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case: **Matthew A. Glover**. TEXT ONLY ENTRY, NO DOCUMENT ATTACHED. (lw) (Entered: 01/03/2012) |
| 01/04/2012 | 17 | | NOTICE of Appearance by Matthew A. Glover on behalf of Harp &Associates Real Estate Services. (Glover, Matthew) (Entered: 01/04/2012) |
| 01/06/2012 | 18 | | INITIAL SCHEDULING ORDER: Rule 26 Meeting Report due by 3/16/2012. Final Scheduling Order issue date 4/5/2012. Jury Trial set for 1/14/2013 at 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable P. K. Holmes, III.Signed by Jane Ann Short, Courtroom Deputy for Honorable P. K. Holmes, III on January 6, 2012. Copy of order mailed to non–CM/ECF participating party. (jas) (Entered: 01/06/2012) |

| | | | |
|---|---|---|---|
| 01/09/2012 | 19 | | ORDER denying at this time as premature 11 , Plaintiff's Motion for Issuance of a Subpoena. This order shall in no way prejudice the re–filing of such a motion after the Final Scheduling order has been issued. Signed by Honorable James R. Marschewski on January 9, 2012. (sh) (Entered: 01/09/2012) |
| 03/16/2012 | 20 | | JOINT REPORT of Rule 26(f) Planning Meeting by Harp &Associates Real Estate Services. (Glover, Matthew) (Entered: 03/16/2012) |
| 03/19/2012 | 21 | | FINAL SCHEDULING ORDER: Jury Trial set for 1/14/2013 at 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable P. K. Holmes, III. Signed by Jane Ann Short, Courtroom Deputy for Honorable P. K. Holmes, III on March 19, 2012. Copy of order mailed to non–CM/ECF participant. (jas) (Entered: 03/19/2012) |
| 03/23/2012 | 22 | | NOTICE of certificate of service by David A. Stebbins (rw) (Entered: 03/23/2012) |
| 03/23/2012 | | | TEXT ONLY NOTICE of Change of Address for David Stebbins to 123 W. Ridge APT D, Harrison, AR 72601, as provided by the Plaintiff. (sh) (Entered: 03/23/2012) |
| 03/23/2012 | 23 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (sh) (Entered: 03/23/2012) |
| 03/27/2012 | | | Mail Returned as Undeliverable marked Inmate not here. Mail originally sent to David Stebbins at 8527 Hopewell Road, Harrison, AR 72601 including 21 Final Scheduling Order. Mail returned to new address . (lw) Modified on 3/27/2012 to add text(lw). (Entered: 03/27/2012) |
| 03/28/2012 | 24 | | MOTION to Dismiss by Harp &Associates Real Estate Services. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Glover, Matthew) (Entered: 03/28/2012) |
| 03/28/2012 | 25 | | MEMORANDUM BRIEF in Support of 24 MOTION to Dismiss by Harp &Associates Real Estate Services. (Glover, Matthew) (Entered: 03/28/2012) |
| 03/30/2012 | 26 | | MOTION of Matthew A. Glover to Withdraw as Attorney by Harp &Associates Real Estate Services. (Glover, Matthew) (Entered: 03/30/2012) |
| 03/30/2012 | | | TEXT ONLY ORDER granting 26 Motion to Withdraw as Attorney. Attorney Matthew A. Glover withdrawn, and the Clerk of Court is directed to remove his/her name from the list of attorneys who receive Notices of Electronic Filing in this case. Signed by Honorable P. K. Holmes, III on March 30, 2012. (ee) (Entered: 03/30/2012) |
| 04/03/2012 | 27 | | NOTICE of Appearance by Seth R. Jewell on behalf of Harp &Associates Real Estate Services. (Jewell, Seth) (Entered: 04/03/2012) |
| 04/04/2012 | 28 | | Brief in Opposition re 24 MOTION to Dismiss filed by David A. Stebbins. (lw) (Entered: 04/04/2012) |
| 04/10/2012 | 29 | | REPLY by Harp &Associates Real Estate Services re 28 Response in Opposition to Motion *to Dismiss and Incorporated Brief in Support*. (Jewell, Seth) (Entered: 04/10/2012) |
| 04/19/2012 | 30 | | MOTION to Compel Discovery by David A. Stebbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(tg) (Entered: 04/19/2012) |

| 04/19/2012 | 31 | | MEMORANDUM BRIEF in Support of 30 MOTION to Compel Discovery by David A. Stebbins. (tg) (Entered: 04/19/2012) |
|---|---|---|---|
| 04/19/2012 | | | MOTIONS REFERRED: 30 MOTION to Compel. Motions referred to Honorable James R. Marschewski.(jas) (Entered: 04/19/2012) |
| 05/02/2012 | 32 | | RESPONSE to Motion re 30 MOTION to Compel *Discovery* filed by Harp &Associates Real Estate Services. (Jewell, Seth) (Entered: 05/02/2012) |
| 05/08/2012 | | | TEXT ONLY ORDER REFERRING MOTION: 24 MOTION to Dismiss filed by Harp &Associates Real Estate Services. Signed by Honorable P. K. Holmes, III on May 8, 2012. Motions referred to Honorable James R. Marschewski.(jlg) (Entered: 05/08/2012) |
| 05/08/2012 | 33 | | REPLY to Response to Motion re 30 MOTION to Compel filed by David A. Stebbins. (lw) (Entered: 05/08/2012) |
| 05/21/2012 | 34 | | Supplementary Brief in Opposition re 24 MOTION to Dismiss filed by David A. Stebbins. (lw) (Entered: 05/21/2012) |
| 06/12/2012 | 35 | | MOTION to Compel by Harp &Associates Real Estate Services. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Jewell, Seth) (Entered: 06/12/2012) |
| 06/12/2012 | | | TEXT ONLY ORDER REFERRING MOTION: 35 MOTION to Compel filed by Harp &Associates Real Estate Services. Signed by Honorable P. K. Holmes, III on June 12, 2012. Motions referred to Honorable James R. Marschewski.(jlg) (Entered: 06/12/2012) |
| 06/25/2012 | 36 | | RESPONSE to re 35 MOTION to Compel filed by David A. Stebbins. (rw) (Entered: 06/25/2012) |
| 07/18/2012 | 37 | | CERTIFICATE OF SERVICE of discovery by David A. Stebbins (src) (Entered: 07/18/2012) |
| 08/01/2012 | 38 | | NOTICE of Change of Address for David Stebbins.. There are no documents to resend. (src) (Entered: 08/01/2012) |
| 08/30/2012 | 39 | | ORDER directing clerk to note on the docket sheet the correct name for the Defendant. Signed by Honorable James R. Marschewski on August 30, 2012. (lw) (Entered: 08/30/2012) |
| 08/30/2012 | 40 | 7 | REPORT AND RECOMMENDATIONS re 24 MOTION to Dismiss filed by Harp &Associates Real Estate Services. Objections to RRdue by 9/17/2012. Signed by Honorable James R. Marschewski on August 30, 2012. (rw) (Entered: 08/30/2012) |
| 09/06/2012 | 41 | | OBJECTION to 40 Report and Recommendations by David A. Stebbins. (adw) (Entered: 09/06/2012) |
| 09/18/2012 | 42 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 09/18/2012) |
| 09/26/2012 | 43 | | ORDER denying 35 Plaintiff's Motion to Compel. Signed by Honorable James R. Marschewski on September 26, 2012. (sh) (Entered: 09/26/2012) |
| 11/01/2012 | 44 | | ORDER denying 30 &35 Motions to Compel as moot in view of the filing of |

| | | | |
|---|---|---|---|
| | | | the Report and Recommendation. Signed by Honorable James R. Marschewski on November 1, 2012. (rw) (Entered: 11/01/2012) |
| 12/07/2012 | 45 | | MOTION to Continue Jury Trial by David A. Stebbins. (src) (Entered: 12/07/2012) |
| 01/02/2013 | 46 | 13 | ORDER adopting 40 Report and Recommendation in its entirety and denying as moot plaintiff's 45 Motion to Continue ; further granting defendant's 24 Motion to Dismiss and plaintiff's complaint is dismissed with prejudice. Signed by Honorable P. K. Holmes, III on January 2, 2013. (rw) (Entered: 01/02/2013) |
| 02/01/2013 | 47 | 19 | NOTICE OF APPEAL as to 46 Order Adopting Report by David A. Stebbins. (cc via CM/ECF: Edwin L. Lowther, Jr and Seth R. Jewell, via U.S. Postal Service: David A. Stebbins ) (lw) (Entered: 02/01/2013) |
| 02/01/2013 | 48 | | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (lw) (Entered: 02/01/2013) |
| 02/01/2013 | | | MOTIONS REFERRED: 48 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 02/01/2013) |
| 02/04/2013 | 49 | 22 | ORDER granting 48 Motion for Leave to Appeal in forma pauperis.. Signed by Honorable James R. Marschewski on February 4, 2013. (rw) (Entered: 02/04/2013) |
| 02/04/2013 | 50 | 23 | NOA SUPPLEMENT FORM re 47 Notice of Appeal filed by David A. Stebbins. (jn) (Entered: 02/04/2013) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                    PLAINTIFF

        v.                                Civil No. 11-3078

HARP & ASSOCIATES LLC                                                        DEFENDANT


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        Plaintiff filed this action against Harp & Associates LLC pursuant to the terms of the

Rehabilitation Act, 29 U.S.C. § 701 *et seq*.  Plaintiff maintains the Defendant discriminated

against him because of his disability, Asberger Syndrome.

        This case is now before me on the motion to dismiss (Doc. 24) filed by the Defendant.

Plaintiff submitted a response (Doc. 28) and Defendant filed a reply brief (Doc. 29).  The motion

is ready for decision.

### 1.  Background

        According to the allegations of the complaint, beginning in August of 2008, Plaintiff

rented an apartment from the Defendant.  On February 15, 2011, Plaintiff states he was served

with a notice of eviction alleging unsanitary conditions and fire hazards due to a large number

of electrical devices being plugged in.  Plaintiff maintains the allegations in the notice of eviction

were factually inaccurate.  Further, he alleges that he was receiving Federal Section 8 Housing

Benefits and could only be evicted for good cause.  Plaintiff states he solicited the services of

Legal Aid of Arkansas and obtained a stay of eviction.

-1-

On May 31, 2011, Defendant issued a notice that stated they would not be renewing his lease which ended on June 30, 2011.  According to Plaintiff, he is "most commonly discriminated against because of [his] Asperger Syndrome.[1]  Plaintiff maintains that since the reasons that were actually *given* for [his] eviction [were] factually inaccurate, then [his] Asperger Syndrome becomes the next most likely explanation for their eviction." (Doc. 1 at ¶ 7).  Plaintiff indicates he told Defendant about his Asperger Syndrome when he first moved into the apartment in August of 2008.

Defendant filed an unlawful detainer action in the Boone County Circuit Court, *Harp & Associates LLC v. David Stebbins*, CV-2011-171-4.  On September 3rd, the Boone County Circuit Court issued a writ of possession.  *Defendant's Exhibit* (hereinafter *Def't's Ex.*) 1.  On September 9th, the circuit court granted Plaintiff a stay of execution of the writ of possession with the requirement that he post a surety bond of $2,500 on or before September 12, 2011. (Doc. 7 at pgs. 3-4).  Plaintiff moved out of his apartment on September 12th.  *Id.*  On September 14th, Defendant filed a motion of voluntary non-suit in the unlawful detainer action.  *Id.*

Plaintiff filed an abuse of process claim against Catherine Golden and Harp & Associates LLC in the Boone County Circuit Court, *Stebbins v. Golden and Harp & Associates, LLC,* CV-2011-232-4.  *Def't's Ex.* 2. Plaintiff maintained that Defendants abused process by moving to voluntarily dismiss the unlawful detainer action.  *Id.*  He maintained the non-suit prevented him from obtaining a writ of restitution and from appealing the dismissal of his counterclaim.  *Id.* The abuse of process case was dismissed on July 17, 2012.  *Id.*

---

[1] Asperger Syndrome is a developmental disorder.  "Asperger syndrome is often considered a high functioning form of autism. It can lead to difficulty interacting socially, repeat behaviors, and clumsiness." http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002516/ (accessed August 29, 2012).

AO72A
(Rev. 8/82)

In this discrimination case, Plaintiff seeks relief in the form of an injunction ordering Defendant to desist from discriminatory eviction actions, punitive damages in the amount of $50,000, and costs.

## 2.  Arguments of the Parties

Defendant first argues that punitive damages are not available under the Rehabilitation Act.  Second, it maintains Plaintiff's claims for injunctive relief are moot as he moved out of the apartment at issue in this case.  Finally, Defendant asserts that the federal court review of state court decisions are precluded by the *Rooker-Feldman* doctrine.

First, Plaintiff points out that as he is acting *pro se* his complaint should be liberally construed.  He asks the court to overlook his poorly worded complaint and pursue the gravamen of his case.  Second, he asserts that his claims for injunctive relief are not moot.  Plaintiff states he was forced out of the apartment by virtue of the writ of possession.  He argues his claim for injunctive relief is to be re-instated into the apartment, a credit for the increase in rent he has had to pay, and an order directing Defendant not to discriminate against him again.  Finally, he argues the crux of his case is discrimination.  He asserts that the state court never decided this issue and in fact lacks subject matter jurisdiction to decide it.

## 3.  Discussion

"The Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance against any otherwise qualified individual with a disability, solely because of his disability."  *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003)(internal quotation marks and citation omitted).  To be able to recover compensatory damages, a showing of discriminatory intent is required.  *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011).  In this regard, it has been held that "deliberate indifference [is] the

-3-

appropriate standard for showing intentional discrimination." *Id.*   As Defendant correctly asserts, punitive damages are not available under the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 183 (2002); *Meagley*, 639 F.3d at 390.

Defendants also contend Plaintiff's moving from the apartment rendered his claim moot. "[M]ootness relates to the justiciability of a case" and therefore the court's "power to hear the case." *Olin Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303, 306 (8th Cir. 1985). "[C]hallenges to the court's jurisdiction may be raised at any stage of the proceedings." *In re Rodriquez*, 258 F.3d 757, 759 (8th Cir. 2001).

It has been held that a voluntary move from an apartment or residence moots a housing discrimination claim. *See e.g., Carson v. Pierce*, 719 F.2d 931, 934 (8th Cir. 1983). However, in this case Plaintiff moved because of a writ of possession obtained by Defendant in the Boone County Circuit Court. Additionally, Plaintiff seeks injunctive relief in the form of reinstatement to the apartment. We therefore do not believe Plaintiff's claims are moot.

Finally, Defendants argue application of the *Rooker-Feldman* doctrine precludes this Court from awarding Plaintiff relief. The *Rooker-Feldman* doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County,* 222 F.3d 488, 492 (8th Cir.2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). "District courts may not review state court decisions, 'even if those challenges allege that the state court's action was unconstitutional,' because "[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003)(citation omitted).

-4-

"A party who was unsuccessful in state court thus 'is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Id.* (*quoting, Johnson v. De Grandy,* 512 U.S. 997, 1005-1006 (1994). Federal district courts thus may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Lemonds v. St. Louis County,* 222 F.3d at 492-93 (citations omitted).

As discussed above, there were two separate state court cases--the unlawful detainer action and the abuse of process action.  Plaintiff contends his housing discrimination claim was never litigated in state court.   Indeed, he asserts he could not have brought a housing discrimination claim in state court because there is no Arkansas State equivalent to the Rehabilitation Act.  Plaintiff is incorrect in this regard.  The Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107(a)  provides: "The right of an otherwise qualified person to be free from discrimination because of . . . mental, or physical disability is recognized and declared to be a civil right.  This right shall include . . . the right to engage in property transactions."  With respect to his Rehabilitation Act claims, we agree that a decision in Plaintiff's favor in this case would effectively void the state court's determination that Defendant was entitled to possession of the property.

### 4.  Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 24) be granted.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 30th day of August 2012.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-6-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                          PLAINTIFF

v.                                    Case No. 3:11-CV-03078

HARP & ASSOCIATES LLC a/k/a
HARP & ASSOCIATES REAL ESTATE SERVICES                    DEFENDANT

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 40) filed in this case

on August 30, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate Judge

for the Western District of Arkansas.  Also before the Court are Plaintiff's objections.  (Doc. 41).

For the reasons stated below, the Court ADOPTS the Report and Recommendation and finds that

Defendant's Motion to Dismiss should be granted.

The Magistrate recommends granting Defendant Harp & Associates LLC's ("Harp") Motion

to Dismiss (Doc. 24).  Mr. Stebbins objects to the Magistrate's Report and Recommendation,

arguing that Judge Marschewski erred in finding that the *Rooker-Feldman* doctrine applied to

preclude the Court's consideration of Mr. Stebbins's claims.  The Court has conducted a *de novo*

review regarding the application of the *Rooker-Feldman* doctrine to Mr. Stebbins's claims.  28

U.S.C. § 636(b)(1).

Mr. Stebbins states that he "filed a supplement to Defendant's motion to dismiss that

Marchewski [sic] clearly seems to ignore."  (Doc. 41).  First, Mr. Stebbins's supplement was

improperly filed without leave of Court, and it was therefore Chief Magistrate Judge Marschewski's

prerogative to exercise his discretion in refusing to consider an improperly filed document.  Second,

-1-

in conducting a *de novo* review, the undersigned has considered Mr. Stebbins's supplement (Doc. 34) and finds that it offers no new or convincing arguments beyond what was included in Mr. Stebbins's initial Response (Doc. 28) in opposition to Harp's Motion to Dismiss.  In both filings, Mr. Stebbins argues that he seeks injunctive relief beyond challenging the writ of possession and stopping Harp's actions in evicting him from his apartment.  Judge Marschewski acknowledged those arguments and found that Mr. Stebbins sought additional injunctive relief, and that his claims were therefore not mooted by his move out of the apartment.

Mr. Stebbins then argues that "by Marchewski's [sic] own admission, I can also obtain damages against defendant . . . if I can prove intent . . . That right there is relief that the Court can give me without violating the writ of possession." (Doc. 41).  Mr. Stebbins also argues that, if the *Rooker-Feldman* doctrine were to apply in cases where a tenant was forced out of his or her housing, the federal Fair Housing Act would be rendered entirely meaningless, as the tenant would be unable to pursue a federal counter-claim in state court and would then be prohibited from taking his federal claim to federal court.

As stated by the Eighth Circuit:

> The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.  District courts may not review state court decisions, even if those challenges allege that the state court's action was unconstitutional, because federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court.  A party who was unsuccessful in state court thus is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.  This jurisdictional bar extends not only to straightforward appeals but also to more indirect attempts by federal plaintiffs to undermine state court decisions.  Federal district courts thus may not exercise jurisdiction over general [federal] claims that are inextricably intertwined with specific claims already adjudicated in state court.

-2-

> A claim brought in federal court is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.

*Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (internal citations and quotations omitted).  Arkansas law enumerates certain actions constituting unlawful detainer, A.C.A. § 18-60-303, for which a writ of possession may be issued upon the court finding in favor of the plaintiff, A.C.A. § 18-60-309.  Harp filed a state action against Mr. Stebbins for unlawful detainer.  Judge Webb of the Boone County Circuit Court found in favor of Harp and against Mr. Stebbins on the unlawful detainer claim and issued a Writ of Possession.  (Doc. 24-1).

Inextricably intertwined with the state court's issuance of a writ of possession is the issue of whether Harp was seeking to evict Mr. Stebbins based solely on discriminatory animus.  If Harp had been unable to show that Mr. Stebbins was guilty of one of the enumerated actions constituting unlawful detainer under Arkansas law, no writ of possession could have been issued.  Therefore, the state court must have found that Harp was not seeking to evict Mr. Stebbins based on discriminatory intent.  Rather, the state court must necessarily have found that Harp had shown that Mr. Stebbins was unlawfully detaining the property under Arkansas law.

Discrimination claims under the Fair Housing Act,[1] 42 U.S.C. § 3601 *et seq.*, are evaluated using the  test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *Omni Behavioral Health v. Miller*, 285 F.3d 646, 656 (8th Cir. 2002).  Under the *McDonnell Douglas* test, the plaintiff must first make a prima facie case of discrimination.  If the plaintiff satisfies that burden,

---

[1] In his Complaint, Mr. Stebbins only alleges that Harp acted in violation of Section 504 of the Rehabilitation Act.  However, to the extent that Mr. Stebbins contends that his Complaint should be construed so as to also bring a separate claim under the Fair Housing Act, the Court will address that argument as well.

the defendant then has the burden of showing a legitimate, nondiscriminatory justification for the challenged conduct.  If the defendant satisfies that burden, the plaintiff has the opportunity to prove by a preponderance of the evidence that the legitimate reasons asserted by the defendant are mere pretext.

Therefore, if the Court were to consider Mr. Stebbins's claims under the Fair Housing Act, even assuming that Mr. Stebbins could make a prima facie case of discrimination, the state court has already found that Harp had a legitimate reason, as set forth under Arkansas law, to evict Mr. Stebbins.  Inherently and inextricably intertwined with that determination is a consideration of whether Harp's legitimate reason for eviction was mere pretext for discrimination.  In the state-court unlawful detainer action, Harp had the burden of showing that Mr. Stebbins was guilty of one or more of the specifically enumerated actions constituting unlawful detainer under Arkansas law.  Mr. Stebbins had the opportunity to, and did, defend himself in the state court litigation.  The state court must have considered whether Harp was advancing a merely pretextual reason for evicting Mr. Stebbins.  For instance, the state court could not have found that Mr. Stebbins had "willfully and without right . . . fail[ed] to maintain the premises in a safe, healthy, or habitable condition," A.C.A. § 18-60-304(4), without considering whether such specified action was not actually true, but rather a pretext for Harp to unlawfully discriminate against Mr. Stebbins.  At least, the undersigned cannot and will not assume that the state court's finding was based on anything other than a thorough consideration of the facts and issues presented.

Turning now to Mr. Stebbins's specific objections to the Report and Recommendation, the Court cannot find that application of the *Rooker-Feldman* doctrine in this case would render the Fair Housing Act meaningless.  The Fair Housing Act has many provisions and has been the impetus for

-4-

many causes of action since its enactment.  Many litigants have successfully brought actions pursuant to the Fair Housing Act.  In this case, however, Mr. Stebbins fought an unsuccessful battle in state court, and this Court does not have the authority to engage in a review of the state court's findings.  If Mr. Stebbins desired to have the state court's findings reviewed, he should have appealed the state court's decisions and, if desired and appropriate, sought review by the United States Supreme Court.  A ruling in favor of Mr. Stebbins in the instant matter would effectively reverse the state court decision in favor of Harp on its unlawful detainer claim.  *Ballinger*, 322 F.3d at 549.[2]  Mr. Stebbins cannot now challenge the state court's finding under the guise of a separate federal claim.

Furthermore, although damages may be recovered for claims brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, the plaintiff must make a showing of intentional discrimination to recover.  *Meagley v. City of Little Rock*, 639 F.3d 384, 388 (8th Cir. 2011).  Again, for this Court to find that Mr. Stebbins could prevail on a Rehabilitation Act claim, the Court would have to find that Harp intentionally discriminated against Mr. Stebbins, which finding would effectively reverse the state court decision in favor of Harp on its unlawful detainer claim. Consideration by this Court of Mr. Stebbins's claims under the Rehabilitation Act, or any other federal statute that requires a showing of discriminatory animus or intent by Harp, is precluded by the *Rooker-Feldman* doctrine.

---

[2] The Court notes that the state court, unlawful detainer action was ultimately voluntarily dismissed on Harp's motion after Mr. Stebbins failed to post a bond to stay execution of the writ of possession issued by the state court.  Mr. Stebbins did not, to the Court's knowledge, appeal the order of dismissal (the Court does not recognize Mr. Stebbins's collateral attack of the dismissal through a separate claim for abuse of process as a proper appeal, but notes that Mr. Stebbins likewise lost on that claim and failed to appeal that decision) or any other order issued by the state court.

The Court finds, therefore, upon *de novo* review as to Mr. Stebbins's objections, that Mr. Stebbins's objections do not raise any issue of law or bring to light any facts that would require departure from the Magistrate's findings set forth in the Report and Recommendation.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. 40) is ADOPTED IN ITS ENTIRETY.

For all the reasons set forth above, including those reasons included in the Report and Recommendation and herein adopted, IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 24) is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue (Doc. 45) is DENIED AS MOOT.

IT IS SO ORDERED this 2nd day of January, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

-6-

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 0 1 2013

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                    **PLAINTIFF**

**VS.**                              **CASE NO. 11-3078**

**HARP & ASSOCIATES, LLC**                              **DEFENDANT**

### NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following notice of

appeal.  The District Court erred in granting Defendant's Motion to Dismiss.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David W. Stebbins
3 W. Ridge St
APT D
Harrison, AR 72601

72701 $5353

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701



Freedom
FOREVER

Equality
FOREVER

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

    v.                              Civil No. 11-3078

HARP & ASSOCIATES LLC                                            DEFENDANT

## ORDER

    Plaintiff has filed a motion for leave to proceed *in forma pauperis* (IFP)(Doc. 48) on appeal.  The motion (Doc. 48) is granted.

    IT IS SO ORDERED this 4th day of February 2013.


/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-1-

AO72A
(Rev. 8/82)

## U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  HARRISON  DIVISION

## 11-3078  DAVID A. STEBBINS vs. HARP & ASSOCIATES

Length of Trial:          **NONE**

Financial Status:     Fee Paid?                          Yes        No **XX**

                   If NO, has IFP been granted?        Yes **XX**     No

                   Is there a pending motion for IFP?   Yes        No

Are there any other post-judgment motions?        Yes        No


Please identify the court reporter.

        If no court reporter, please check  **XXXXX**

        Name
        Address

Telephone Number

**CRIMINAL CASES ONLY:**
        Is the defendant incarcerated?                 Yes   No
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.


SPECIAL COMMENTS: