### UNITED STATES COURT OF APPEALS
### FOR THE EIGHTH CIRCUIT

**DAVID STEBBINS**                                     **PLAINTIFF**

**VS.**                        **CASE NO. 13-1262**

**HARP & ASSOCIATES, LLC**                             **DEFENDANT**

### <u>APPELLANT BRIEF</u>

  Comes now, *pro se* Appellant David Stebbins, who hereby submits the following Brief in support of my appeal.

### TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | Table of Contents | 1 |
| 2. | Table of Authorities | 3 |
| 3. | Jurisdictional Statement | 4 |
| (a) | District Court Jurisdiction | 4 |
| (b) | Appeals' Court Jurisdiction | 4 |
| (c) | Timeliness of Appeal | 4 |
| (d) | Finality of Judgment | 4 |
| 4. | Statement of Issues | 4 |
| 5. | Statement of the Case | 5 |
| 6. | Statement of Facts | 6 |
| 7. | Summary of Argument | 6 |
| 8. | Argument | 7 |
| (a) | No writ of possession was ever presented to the District Court. | 7 |

(b)      There is no statute prohibiting a state court
from issuing awrit of possession if there is a violation          7
of federal law.

(c)      The plain text of the federal statutes clearly say
the exact opposite of what Defendants an the District
Court purport them to say.  Congress has specifically          8
authorized federal review of state laws in the case of
housing discrimination.

(d)      Even if the Rooker-Feldman doctrine applies, there
is still a lot of relief that federal courts can offer me by work-          9
ing *around* the writ of possession.

9.      Standard of Review                                                              10

10.      Conclusion                                                                        10

# TABLE OF AUTHORITIES

| Statutes and Rules | Page |
|---|---|
| Act for the Relief of the Parents of Theresa Marie Schiavo | 8 |
| Ark. Code Ann. Title 18, Chapter 60, Subchapter 3 | 7 |
| Ark. Code Ann. § 18-60-308 | 7 |
| Ark. Code Ann. § 18-60-312 | 7,8 |
| 28 USC § 1291 | 4 |
| 28 U.S.C. § 2254 | 8 |
| 29 U.S.C. § 701 | 4 |
| 42 U.S.C. §§ 3601–3631 | 4 |
| 42 U.S.C § 3615 | 9 |
| 42 U.S.C § 3613(a)(1)(A) | 8 |

## JURISDICTIONAL STATMEENT

**District Court Jurisdiction**: The District Court had federal question jurisdiction over this dispute pursuant to 29 U.S.C. § 701, as well as pursuant to the Fair Housing Act, codified 42 U.S.C. §§ 3601-3631.

**Appeal Court Jurisdiction**:  This Court has appellate jurisdiction pursuant to 28 USC § 1291.

**Timeliness of Appeal**:  The District Court issued its judgment and closed the case on January 6, 2013.  The Notice of Appeal was filed in the District Court on February 3, 2013. Therefore, this appeal is timely.

**Finality of Judgment**:  This appeal is being brought pursuant to a final judgment (see "Appeal Court Jurisdiction" above).

## STATEMENT OF ISSUES

To my knowledge, only one issue is presented on appeal:  Does the District Court have jurisdiction to adjudicate a dispute regarding fair housing when a state-level writ of possession has already been issued, or is such a dispute barred by the Rooker Feldman doctrine?

## STATEMENT OF THE CASE

Defendant attempted to evict Plaintiff in the summer of 2011. When Plaintiff refused to leave voluntarily, Defendant went to the Boone County Circuit Court and obtained a temporary writ of possession from Circuit Judge Gordon Webb[1]. While enforcement of the writ of possession was pending, Plaintiff filed suit in federal court, alleging that the termination was for discriminatory and/or retaliatory reasons, and that the "fire danger" alleged at the beginning of the eviction proceeding was merely pretextual.

Defendant filed an answer to the Complaint, but proceeded to file a motion to dismiss, claiming that the Rooker-Feldman Doctrine stripped the federal courts of jurisdiction, without even providing a copy of the writ of possession.

By the time a Report and Recommendation had been issued by Magistrate Judge Marchewski, discovery had already been completed, save for two motions to compel discovery which Marchewski proceeded to strike as moot.

Judge P.K. Holmes ignored the plain text of the federal statutes, and even made up his own statutes, to justify his decision to dismiss the case. This appeal ensued.

---

1   His official judicial profile can be viewed at the following web link: https://courts.arkansas.gov/directories/circuit-judges/hon-gordon-webb

**STATEMENT OF FACTS**

The statement of facts can be found in the statement of the case, hereby incorporated by reference.

**SUMMARY OF ARGUMENT**

1.      No writ of possession was ever presented to the District Court.

2.      There is no statute prohibiting a state court from issuing a writ of possession if there is a violation of federal law.

3.      The plain text of the federal statutes clearly say the exact opposite of what Defendants an the District Court purport them to say.  Congress has specifically authorized federal review of state laws in the case of housing discrimination.

4.      Even if the Rooker-Feldman doctrine applies, there is still a lot of relief that federal courts can offer me by working *around* the writ of possession.

## ARGUMENT

For the reasons set forth below, the judgment of the District Court should be vacated, and the case remanded for an adjudication on the merits.

### No writ of possession was ever presented to the District Court.

When filing the motion to dismiss, the Defendants never presented the District Court with a copy of the writ of possession. The District Court had to just *trust* the parties as to what it contained.  For the reason, the motion to dismiss should be stricken for a technical deficiency.

### There is no statute prohibiting a state court from issuing a writ of possession if there is a violation of federal law.

Judge P.K. Holmes claimed that, by issuing the writ of possession, the state court necessarily found that no discriminatory animus was present in the eviction.  He claims that, if the state Court made such a finding, no writ of possession could be issued.

At no point in the entire Arkansas Code related to the unlawful detainer action can you find any statute that even so much as suggests, let alone states, this supposed fact.  Like I said in the statement of the case, Judge Holmes not only ignored the plain text of the federal law (more on that in a minute), but also made up his own law.

The unlawful detainer action is stated in Ark. Code Ann. Title 18, Chapter 60, Subchapter 3. At no point in the entire subchapter does it ever state that no writ of possession can be entered against a tenant if the unlawful detainer action is brought in violation of federal law.  At no point does it even remotely suggest this.

In fact, a few sections in the subchapter seem to suggest the exact opposite.  A.C.A. § 18-60-308 flatly states that nothing except entitlement to possession is to be adjudicated in an unlawful detainer case, not whether the eviction is discriminatory.  Furthermore, A.C.A. § 18-60-

312 flatly states that the unlawful detainer action does not preclude any other causes of action by an injured party.

Clearly, the district court got it plain wrong when he stated that the state Court had to have found a lack of discriminatory animus if it issued a writ of possession.

**The plain text of the federal statutes clearly say the exact opposite of what Defendants an the District Court purport them to say. Congress has specifically authorized federal review of state laws in the case of housing discrimination.**

The Rooker-Feldman doctrine can be abrogated by appropriate legislation. Congress has, from time to time, saw fit to give federal courts jurisdiction to review state court decisions. One of the biggest examples of this is 28 U.S.C. § 2254, which authorizes federal courts to override the decisions of state criminal courts when a person is being incarcerated in violation of federal rights. Another, rather controversial, example is the "Palm Sunday Compromise," officially known as the "Act for the relief of the parents of Theresa Marie Schiavo," a personal bill (and thus, not codified) granted federal courts leave to review the decisions of the Florida State Courts.

Thus, it is safe to assume that the Rooker-Feldman doctrine applies by default, but that Congress can, at any time, waive the doctrine as they see fit.

Such a waiver of the doctrine appears in the Fair Housing Act, codified as 42 U.S.C. §§ 3601–3631.

For starters, there is 42 U.S.C § 3613(a)(1)(A), which gives causes of action to private parties. The plain text of this section gives a private party a right to commence a cause of action "in an appropriate United States district court." Clearly, the U.S. District Courts have jurisdiction to adjudicate an allegation of housing discrimination.

Next, there is 42 USC § 3615, which holds that "any law of a State... that purports to require or permit any action that would be a discriminatory housing practice under this sub-chapter shall to that extent be invalid."  It would defy common sense to read that statute as not giving federal courts jurisdiction to adjudicate an alleged violation of it!  Thus, the absurdity doctrine mandates that the Court read an abrogation of the Rooker-Feldman doctrine into this section.

### Even if the Rooker-Feldman doctrine applies, there is still a lot of relief that federal courts can offer me by working *around* the writ of possession.

If Defendants had in fact presented to the District Court a copy of the writ of possession (see my "technical deficiency" argument above), the District Court would have seen that it only called for my removal from one specific apartment unit.  It did not call for anything else at all.

There was an abundance of relief that the District Court could have offered me that would not have violated that writ.  They could have ordered that I be given an apartment in the same apartment *complex*, and it would not have violated the text of that writ of possession.  They could have ordered that the Defendants to give me an entire house, so that I would never be homeless again, or order them to pay for the costs I incur having to pay $400 per month in rent at this new apartment, as opposed to $192 per month, as this new landlord does not participate in the Section 8 federal housing assistance program.

Just about anything that does not put me right back at Apartment #7 of 1407 N. Spring Rd., Harrison, AR 72601 would have been completely consistent with the writ of possession.  The Court should only dismiss an action if there is no relief, whatsoever, that can be provided.  Therefore, for this reason alone, the order dismissing the case should be vacated.

**STANDARDS OF REVIEW**

Since this entire appeal revolves around the sole issue of whether the District Court has jurisdiction to adjudicate this issue, the entire case is reviewed *de novo*. See *Knutson v. City of Fargo*, 600 F.3d 992, 995 (8th Cir. 2010) (dismissal for lack of subject matter jurisdiction reviewed *de novo*).

**CONCLUSION**

For the reasons stated in this brief, I request that the District Court's order dismissing the case be vacated, and the case remanded with instructions to pass an appropriate ruling on the two discovery motions which were stricken as moot, and also to set the case for jury trial like it was originally supposed to be.

So requested this 1st day of March, 2013.

    */s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com