NO. **13-1262**

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID ANTHONY STEBBINS                              APPELLANT

V.

HARP & ASSOCIATES, LLC                              APPELLEE

On Appeal from the Western District of Arkansas
Honorable P. K. Holmes, III, Presiding Judge

**BRIEF OF APPELLEE**

Submitted by:

Edwin L. Lowther, Jr. (81107)
Seth R. Jewell (2011175)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
EMAIL:  elowther@wlj.com
              sjewell@wlj.com

Attorneys for Appellee

1166255-v1

# SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT

This appeal originated as an unlawful detainer action filed by Harp & Associates, LLC ("Harp") against Appellant David Anthony Stebbins in the Circuit Court of Boone County, Arkansas. On September 3, 2011, the Boone County Circuit Court granted Harp's request for a writ of possession. Six days later on September 9, 2011, Appellant filed the complaint in this suit and a motion for preliminary injunction asking that Harp be ordered to allow Appellant to remain in the apartment. Appellant moved out of the apartment on September 12, 2011. Having obtained the relief it sought, Harp non-suited its unlawful detainer action on September 14, 2011.

Because Appellant moved out of his Harp-owned apartment, the district court denied his motion for preliminary injunction as moot. On March 28, 2012, Harp filed a motion to dismiss the federal case citing, among other things, the *Rooker-Feldman* doctrine, which prevented the district court from hearing the case due to a lack of subject matter jurisdiction. On January 2, 2013, the district court granted Harp's motion to dismiss with prejudice, giving rise to this appeal.

Harp does not believe that oral argument is necessary.

i

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Harp & Associates, LLC hereby discloses the following:

Harp & Associates, LLC is an Arkansas Limited Liability Company. Harp & Associates has no parent company and no publicly held corporation owns ten percent (10%) or more of its shares.

1166255-v1

Appellate Case: 13-1262     Page: 3     Date Filed: 04/23/2013 Entry ID: 4027958

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT......i

CORPORATE DISCLOSURE STATEMENT.............................................ii

TABLE OF AUTHORITIES......................................................................1

STATEMENT OF CASE ........................................................................2

SUMMARY OF THE ARGUMENT ..........................................................6

ARGUMENT .........................................................................................10

CONCLUSION ......................................................................................24

CERTIFICATE OF COMPLIANCE.........................................................25

CERTIFICATE OF SERVICE.................................................................26

1166255-v1

Appellate Case: 13-1262     Page: 4     Date Filed: 04/23/2013 Entry ID: 4027958

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ballinger v. Culotta*, 322 F.3d 546 (8th Cir. 2003) ........................... 13, 14

*Charchenko v. City of Stillwater*, 47 F.3d 981 (8th Cir. 1995). .............. 21

*District of Columbia Court of Appeals v. Feldman,*
  460 U.S. 462 (1983). ................................................................... passim

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
  544 U.S. 280 (2005). ........................................................................ 16

*Lemonds v. St. Louis County*, 222 F.3d 488 (8th Cir. 2000)................... 13

*Lytle v. Household Mfg., Inc.*, 494 U.S. 545 (1990)............................... 10

*Matter of Pope*, 209 B.R. 1015 (N.D. Ga. 1997)................................... 16

*Papasan v. Allain*, 478 U.S. 265 (1986). .......................................... 6, 11

*Robins v. Ritchie*, 631 F.3d 919 (8th Cir. 2011)................................... 20

*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) ............................... passim

*Simes v. Huckabee*, 354 F.3d 823 (8th Cir. 2004). ............................... 20

*Singleton v. Wulff*, 428 U.S. 106 (1976) ............................................ 10

*Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.,*
  487 F.3d 1154 (8th Cir. 2007) ............................................. 13, 16, 19

*Snider v. City of Excelsior Springs,*
  154 F.3d 809 (8th Cir. 1998). ........................................................... 21

*Stahl v. United States Dep't of Agric.,*
  327 F.3d 697 (8th Cir. 2003) ......................................................... 6, 11

*Stebbins v. Catherine Golden and Harp & Associates, LLC,*
  CV 2011-232-4 (Cir. Ct. Boone County, Ark.)..................................... 5

*Younger v. Harris*, 401 U.S. 37 (1971) ................................................. 3

**Statutes**

28 U.S.C. § 2254 ............................................................................... 19

42 U.S.C § 1983 ................................................................................ 13

42 U.S.C. §3615 ................................................................................ 21

Ark. Code Ann. § 18-60-304 ............................................................... 14

Ark. Code Ann. § 18-60-308 ......................................................... 16, 17

Ark. Code Ann. § 18-60-309 ............................................................... 14

**Rules**

Ark. R. Civ. P. 13............................................................................... 17

Fed. R. Civ. P. 12(b)(6) .................................................................. 5, 10

1

Appellate Case: 13-1262    Page: 5    Date Filed: 04/23/2013    Entry ID: 4027958

## STATEMENT OF CASE

This case is one of several arising out of Appellant's eviction from a Harp-owned apartment.

### A. The Eviction Notice

On February 15, 2011, Harp served a notice of eviction on Appellant, citing unsanitary living conditions and fire hazards. Appellant obtained a stay of the eviction. On May 31, 2011, Harp issued a notice to Appellant that it would not be renewing his lease once it expired on June 30, 2011. When Appellant failed to vacate the apartment following the expiration of the lease term, Harp filed an unlawful detainer action in the Circuit Court of Boone County, Arkansas. The circumstances behind Appellant's complaint in this case originated with that action.

### B. The Unlawful Detainer Action.

On July 6, 2011, Harp filed the unlawful detainer action to obtain a writ of possession and evict Appellant from the apartment. On September 3, 2011, the Boone County Circuit Court granted Harp's request for a writ of possession. Appx. at 21. Six days later, on September 9, the state court granted Appellant a stay of execution of

2

the writ of possession, with the caveat that he post a surety bond of $2,500.00 on or before September 12, 2011. Appellant then moved out of the apartment on September 12, 2011. Having obtained the relief it sought, Harp & Associates voluntarily non-suited its state court unlawful detainer action on September 14, 2011.

### C. Appellant's Disability Discrimination Claim

Appellant filed this disability discrimination action in the United States District Court on September 9, 2011, six days after the Boone County Circuit Court issued the writ of possession and three days before Appellant moved out of the apartment. Along with his complaint, Appellant also filed a motion for preliminary injunction asking that the court order Harp to stay its writ of possession and allow Appellant to remain in the apartment. Appx. at 5. On November 11, 2011, the magistrate judge submitted his Report and Recommendation on Appellant's motion for a preliminary injunction. Appx. at 7. Citing the abstention doctrine contained in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the magistrate noted that at the time Appellant's complaint and motion were filed, the district court would have had to abstain from ruling due to the ongoing state-court unlawful detainer action. Appx.

3

at 9. He then noted that Appellant had since moved out of the apartment and the state action had been non-suited. Appx. at 9-10. Thus, he found the motion for preliminary injunction was moot and recommended that it be denied. Appx. at 10. The district court adopted the Report and Recommendation in its entirety. Appx. at 11.

On March 28, 2012 Harp filed a motion to dismiss the pending federal case for three reasons: 1) Appellant is not entitled to punitive damages under the Rehabilitation Act; 2) Appellant's request for injunctive relief is moot; and 3) Appellant's complaint seeks federal court review of a decision of the Circuit Court of Boone County, Arkansas, which is precluded by the *Rooker-Feldman* doctrine. Appx. at 18-19. On August 30, 2012, the magistrate judge submitted his Report and Recommendation on Harp's motion to dismiss. Appx. at 46. The magistrate judge found that a decision in favor of Appellant would effectively void the state court's determination that Harp was entitled to possession of the property. Appx. at 50. Because *Rooker-Feldman* barred a federal court from taking such action, the magistrate judge recommended that Harp's motion to dismiss be granted. Appx. at 50.

4

On September 6, 2012, Appellant filed an objection to this Report and Recommendation. Despite those objections, on January 2, 2013, the district court issued an order adopting the Report and Recommendation and granting Harp's motion to dismiss with prejudice.

### D.    Appellant's Abuse of Process Claim

Approximately one month after filing his federal court complaint, Appellant filed another complaint in Boone County Circuit Court. The complaint, styled a "Complaint for Abuse of Process," was made against Harp & Associates and its attorney, Catherine Golden. The complaint alleged that Ms. Golden and Harp "abused the legal process" by voluntarily non-suiting the unlawful detainer action after he had moved out of the apartment, thus allegedly depriving him of the opportunity to be heard on his counterclaims. *See Stebbins v. Catherine Golden and Harp & Associates, LLC*, CV 2011-232-4 (Cir. Ct. Boone County, Ark.). Appx. at 24. Appellant subsequently filed a motion for sanctions and costs, and Harp filed a motion to dismiss or alternatively for summary judgment. On January 17, 2012, the Boone County Circuit Court denied Appellant's motion for sanctions, and granted Harp's motion to dismiss. Appx. at 24.

5

## SUMMARY OF THE ARGUMENT

Appellant raises only one issue on appeal: Whether the district court erred in dismissing Appellant's claims with prejudice in reliance on the *Rooker-Feldman* doctrine. In support of his position that the court below committed error, Appellant sets forth four arguments: (i) no writ of possession was presented to the district court; (ii) the state court order and writ of possession does not bar Appellant's pursuit of discrimination claims under federal law; (iii) Congress has specifically authorized federal review of state court decisions in this instance; and (iv) the district court could have awarded some relief even without voiding the state court's writ of possession.

Notwithstanding these arguments, the district court did not err in dismissing this case for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. First, Harp was not obligated to supply the district court with a copy of the state court's writ of possession. Federal district courts are not precluded from taking notice of items in a public record when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

6

Second, because the *Rooker-Feldman* doctrine extends beyond issues expressly raised in state court to issues that are inextricably intertwined, a plaintiff "failing to raise his claims in state court may forfeit his right to obtain review of the state court decision in any federal court." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n.16 (1983). Nothing prohibited Appellant from pursuing his counterclaim for discrimination in state court, especially considering such allegations were so intimately germane to Harp's unlawful detainer claim. In fact, on January 17, 2012, the Boone County Circuit Court ruled on this issue by dismissing Appellant's Complaint for Abuse of Process in which Appellant alleged he was deprived the opportunity to have his counterclaims heard. The state court found that Harp had a legitimate reason under Arkansas law to evict Appellant. Appx. at 21. Such a determination was inextricably intertwined with the question of whether Appellant was evicted for discriminatory reasons. Therefore, the district court lacks subject matter jurisdiction over Appellant's claim and rightly dismissed the action.

Third, Appellant asks this Court to hold that based on the present fact scenario and the language of the Fair Housing Act, this situation is

7

one of the few in which Congress has specifically rejected the *Rooker-Feldman* doctrine and permits federal district courts to review a state court decision. However, a jurisdictional provision in a statute allowing for claims to be brought in a United States district court does not of itself abrogate *Rooker-Feldman*. This case specifically relates to a state court determination that Harp was legally entitled to take possession of an apartment and evict the current tenant. It is not, and it never has been about a specific Arkansas statute or other state law prohibiting discriminatory housing practices. Congress has not specifically withdrawn the application of *Rooker-Feldman* to claims under the Fair Housing Act, and the district court did not err in dismissing Appellant's claims.

Fourth, Appellant argues that the district court could have awarded him some relief without voiding the state court's writ of possession. However, it is the state court ruling – not the writ of possession awarded as a result of the ruling – that precludes the district court from hearing this case. The Boone County Circuit Court has determined that Harp is entitled to possession of the apartment. In so ruling, the court held that Appellant was guilty of unlawful detainer

8

and ordered him to vacate the property. To award Appellant any relief in this case would effectively nullify the Boone County Circuit Court's determination that Harp was legally entitled to the apartment, which is prohibited by the *Rooker-Feldman* doctrine.

Appellate Case: 13-1262     Page: 13     Date Filed: 04/23/2013 Entry ID: 4027958

## ARGUMENT

**I.**     **Harp is not required to present a copy of the writ of possession to the District Court**

Appellant's first argument on appeal is that Harp's motion to dismiss should have been stricken because Harp failed to provide the district court with a copy of the writ of possession issued pursuant to the Boone County Circuit Court's September 3, 2011 order. Appellant unveiled this argument for the first time on appeal, and for that reason, it should be summarily dismissed. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 552, n. 3, (1990) ("Applying our analysis . . . to the facts of a particular case without the benefit of a full record or lower court determinations is not a sensible exercise of this Court's discretion").

Even if Appellant's argument had not been waived, it fails nonetheless. The state court order granting Harp's petition was filed of record on September 6, 2011 and a writ of possession was issued the same day. As was pointed out by Harp in its motion to dismiss, federal district courts are not precluded from taking notice of items in a public

10

record when reviewing a motion to dismiss under Fed. R. Civ. P.

12(b)(6). *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Harp had no obligation to supply the district court with a copy of the writ of possession, and its failure to do so does not warrant reversal in this case.

## II. Judge Holmes Correctly Held that the *Rooker-Feldman* Doctrine Precludes the United States District Court from Awarding Appellant any Relief

The district court dismissed Appellant's claims with prejudice relying primarily on the *Rooker-Feldman* doctrine, which prohibits lower United States federal courts from sitting in direct review of state court decisions unless specifically authorized by Congress. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *see also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The plain meaning of the doctrine and its application to the facts of this case bars Appellant from obtaining any relief from the United States District Court.

11

## A. The Evolution of the *Rooker-Feldman* Doctrine.

The plaintiffs in *Rooker* and *Feldman* invited federal district courts to review and reverse unfavorable state-court judgments. In *Rooker*, after being defeated in state court, the plaintiffs turned to a federal district court for relief, alleging that the adverse state-court judgment was in violation of the United States Constitution, and asking the federal court to declare it "null and void." *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414 (1923). The Supreme Court declined that invitation.

Sixty years later, the Supreme Court decided *Feldman*, in which two plaintiffs petitioned the District of Columbia Court of Appeals (the District's highest court) to waive a court rule that required Washington, D.C. bar applicants to have graduated from a law school accredited by the American Bar Association. Unsuccessful at the District of Columbia Court level, the plaintiffs commenced a federal-court action. *See District of Columbia Court of Appeals* v. *Feldman*, 460 U.S. 462 (1983). Emphasizing that it has been granted exclusive appellate jurisdiction to reverse or modify a state-court judgment, the Supreme Court of the United States held the federal suits impermissible. *Id.* at 486-487. From these two cases sprung the "Rooker-Feldman Doctrine."

12

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284; *see also Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156-57 (8th Cir. 2007) ("*Rooker-Feldman* is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it."). This is because lower federal courts lack subject matter jurisdiction over challenges to state court judgments. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). This jurisdictional bar prohibits both straightforward appeals of state court judgments as well as indirect attempts by federal plaintiffs to undermine state court decisions. *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). In other words, lower federal courts lack subject matter jurisdiction over cases in which a federal plaintiff can only prevail on his or her federal claims through a determination by the district court that the state court wrongly decided a particular issue.

Appellate Case: 13-1262    Page: 17    Date Filed: 04/23/2013 Entry ID: 4027958

For example, in *Ballinger* a state court awarded custody of the plaintiff father's son to the defendant grandfather. The father filed suit under 42 U.S.C § 1983 asserting that a county official, a director, and the grandfather violated his constitutional rights of parental association, due process, and equal protection. The United States District Court for the Western District of Missouri dismissed the father's suit as time-barred, and the father appealed. On appeal, this Court found that the father could have prevailed on his claims only if the district court determined that the state court wrongly decided the legal questions at issue. This Court held that the district court lacked jurisdiction to consider Ballinger's 42 U.S.C. § 1983 action because it in effect constituted a challenge to a state court decision. Had the case gone forward, the federal court action would have amounted to a prohibited appeal of the state court judgment, which was disallowed by the *Rooker-Feldman* doctrine. *See Ballinger*, 322 F.3d 546 (8th Cir. 2003).

14

**B. The District Court Correctly Determined that a Decision in Appellant's Favor Would Effectively Void the State Court's Determination that Harp & Associates, LLC was Entitled to Possession of the Property.**

In his order granting Harp & Associates' motion to dismiss, Judge Holmes correctly found that the state court's issuance of a writ of possession was inextricably intertwined with the question of whether Appellant was evicted for discriminatory reasons. Upon a finding for a plaintiff in an unlawful detainer action, "[i]f possession of the premises has not already been delivered to the plaintiff," Arkansas law provides that "the court shall cause a writ of possession to be issued commanding the sheriff to remove the defendant from possession of the premises and to place the plaintiff in possession thereof." Ark. Code Ann. § 18-60-309(c)(2). This remedy is only afforded to a plaintiff if the defendant is found guilty of unlawful detainer, which has been defined by statute as "fail[ure] to maintain the premises in a safe, healthy, or habitable condition" or willfully and unlawfully holding possession of land after demand has been made for delivery of the land by the person having the true legal right to possess the same. Ark. Code Ann. § 18-60-304. Because the Boone County Circuit Court issued the writ of possession,

15

it implicitly found that appellant was guilty of unlawful detainer and that Harp was entitled to evict him as a result.

In determining when the *Rooker-Feldman* doctrine applies, courts have distinguished between claims "alleging injuries caused by a state court judgment" and those claims "alleging a prior injury that a state court failed to remedy." *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005)). The key issue is "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or whether it is distinct from that judgment." *Matter of Pope*, 209 B.R. 1015, 1021 n.9 (N.D. Ga. 1997). If a plaintiff would have no injury if the state court had not entered the judgment it did, then that plaintiff's federal claim is barred under *Rooker-Feldman*. *Skit Int'l, Ltd.*, 487 F.3d at 1157. "[E]ven if the state court judgment [is] erroneous" a plaintiff may not seek to have the federal court declare it void, as the judgment is "open to reversal or modification in an appropriate and timely appellate proceeding." *Id.* (quoting *Rooker*, 263 U.S. at 415).

16

Here, Appellant was the losing party in the state court unlawful detainer action before the current federal proceeding commenced. Appellant asked the district court to declare the state court's holding void and find that his eviction was based on a discriminatory motive rather than the fact that he was unlawfully detaining the apartment. The district court declined to do so because, contrary to Appellant's assertions, doing so would have required the district court to review and reject the state court's judgment, which is barred under *Rooker-Feldman*. While Appellant complains that Harp discriminated against him by bringing the unlawful detainer action, the injuries he alleges were complete and the remedies he sought were necessary only when the state court entered the eviction order and issued the writ of possession against him. As a result, Appellant's complaint alleges an injury caused by the state court judgment.

Appellant's second argument on appeal appears to be that he was unable to raise his discrimination claim in the state court action. In support of this argument, Appellant cites Ark. Code Ann. § 18-60-308 for the proposition that nothing except entitlement to possession is to be adjudicated in an unlawful detainer case. However, Appellant has

misconstrued this Arkansas statute in an attempt to justify his failure to allege discrimination in the state court action. Ark. Code Ann. § 18-60-308 states, "[i] n trials under the provisions of this subchapter, the title to the premises in question shall not be adjudicated upon or given in evidence, except to show the right to the possession and the extent thereof." Ark. Code Ann. § 18-60-308. Nothing in the statute precludes a counterclaim on a matter germane to the distinctive purpose of the unlawful detainer action. On the contrary, Ark. R. Civ. P. 13(a) provides, in part: "A pleading shall state as a counterclaim any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Because the *Rooker-Feldman* doctrine extends beyond issues expressly raised in state court to issues that are inextricably intertwined with such issues, a plaintiff "failing to raise his claims in state court may forfeit his right to obtain review of the state court decision in any federal court." *See Feldman*, 460 U.S. at 482 n.16. As

18

set forth above as well as in the Report and Recommendations drafted by the magistrate and incorporated into the order issued by the district court, nothing prohibited appellant from pursuing a counterclaim in state court on his allegations of discrimination. In fact, on January 17, 2012, the Boone County Circuit Court ruled on this very issue, dismissing Appellant's complaint for abuse of process in which Appellant alleged he was deprived the opportunity to have his counterclaims heard. Appellant made a strategic decision not to pursue a counterclaim in the original unlawful detainer action, and having lost at the state court level, he now seeks to use the non-existent counterclaim as the vehicle to obtain federal review of a state court action. A decision in favor of Appellant in this case would void the state court's determination that Harp was entitled to possession and would violate *Rooker-Feldman*.

Absent the eviction order, Appellant would not have suffered the injuries for which he now seeks relief. To prevail on his federal court claims, Appellant would inevitably be forced to challenge the validity of the state court's eviction order. The district court lacks subject matter jurisdiction to hear such a claim, even if the state court's judgment was

19

erroneous. *See Skit Int'l, Ltd.*, 487 F.3d at 1157; *Rooker*, 263 U.S. at 415. "*Rooker-Feldman* bars jurisdiction if a federal claim would succeed only 'to the extent that the state court wrongly decided the issues before it.'" *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)); *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011) ("Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it."). Appellant had the opportunity to litigate his claims in the original state court action, and he chose not to. He cannot do so now in federal court on issues intimately germane and inextricably intertwined with the state court's decision.

## C. The language of The Fair Housing Act does not abrogate the *Rooker-Feldman* Doctrine.

Appellant's third argument is that the present fact scenario is one of the extremely rare circumstances in which Congress has specifically rejected the *Rooker-Feldman* doctrine to allow a federal district court to review a state court decision. In support of this argument Appellant relies on the only two examples of such legislation: 28 U.S.C. § 2254, which authorizes federal courts to grant writs of habeas corpus, and the

20

"Palm Sunday Compromise," a statute passed by Congress allowing federal judicial review of state court decisions in the Terri Schiavo case. Appellant argues that in a similar way, Congress specifically authorized federal district courts to hear appeals of state court decisions through the Fair Housing Act.

Appellant's first basis for this argument seems to be that because the statute creates federal question jurisdiction, it has impliedly abrogated *Rooker-Feldman* in the context of Fair Housing Act claims. However, *Rooker-Feldman* bars jurisdiction of a claim over which the district court would have federal question jurisdiction if that claim would succeed only "to the extent that the state court wrongly decided the issues before it." *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir. 1998); *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In other words, the *Rooker-Feldman* Doctrine takes effect when a case brought in federal district court is generally within original federal jurisdiction – or would be, except for prior state court adjudication. A jurisdictional provision in a statute does not of itself abrogate *Rooker-Feldman*.

21

Appellant's second basis is that because 42 U.S.C. §3615 effectively invalidates any state law that requires or permits discriminatory housing practices, the same provision gives federal district courts appellate jurisdiction over state law decisions pertaining to the act. However, this case specifically relates to a state court determination that Harp was legally entitled to take possession of an apartment and evict the current tenant. It is not, and it never has been about a specific Arkansas statute or other non-existent state law allowing for discriminatory housing practices.

### D. The District Court Cannot "Work Around" the Writ of Possession in an Effort to Award Relief as Suggested by Appellant.

Appellant suggests in his brief that the district court should "work around" the relief awarded to Harp in the state court proceeding – the writ of possession –to afford him relief in this action. This argument undermines the purpose of the *Rooker-Feldman* doctrine. It is the state court ruling – not the relief awarded as a result of the ruling – that precludes the district court from hearing this case. The Boone County Circuit Court has ordered that Harp is entitled to possession of the apartment. In so ruling, the court determined that Appellant was

Appellate Case: 13-1262    Page: 26    Date Filed: 04/23/2013 Entry ID: 4027958

guilty of unlawful detainer as a result of his (i) failure to maintain the premises in a safe, healthy, or habitable condition and (ii) failure to relinquish possession of the unit after demand from Harp. As stated in Judge Holmes' order granting Harp's motion to dismiss:

> If Harp had been unable to show that Mr. Stebbins was guilty of one of the enumerated actions constituting unlawful detainer under Arkansas law, no writ of possession could have been issued. Therefore, the state court must have found that Harp was not seeking to evict Mr. Stebbins based on discriminatory intent. Rather, the state court must necessarily have found that Harp had shown that Mr. Stebbins was unlawfully detaining the property under Arkansas law.

Appx. at 56. To award Appellant any relief would effectively nullify the state court's determination that he was unlawfully detaining Harp's property. It's not the remedy that prevents the District Court from hearing the case; it's the state court's ruling. Because of the preclusive effect of the *Rooker-Feldman* doctrine, the district court correctly held that it lacked subject matter jurisdiction to hear the case, stripping it of authority to offer alternative remedies in an attempt to work around those awarded to Harp in the state court action.

23

## CONCLUSION

For the reasons stated herein, this Court is respectfully requested to affirm the decision of the district court, and grant such further relief as it deems just and proper.

Respectfully submitted:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
EMAIL:   elowther@wlj.com
         sjewell@wlj.com

By  */s/ Seth R. Jewell*
      Edwin L. Lowther, Jr. (81107)
      Seth R. Jewell (2011175)
      Attorneys for Harp & Associates,
      LLC

24

1166255-v1

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Eighth Circuit Rule 28A(c), the undersigned certifies that this brief complies with the applicable type-volume limitations and that, exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), this brief contains 4460 words. This certificate was prepared in reliance on the word count of the word processing system (Microsoft Word 2010) used to prepare this brief.

*/s/ Seth R. Jewell*
Seth R. Jewell

1166255-v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case may not be CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid to the following:

> David Anthony Stebbins
> 123 W. Ridge Street, Apt. D
> Harrison, Arkansas 72601


/s/ *Seth R. Jewell*
Seth R. Jewell

26

1166255-v1