**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **DAVID STEBBINS** | | **APPELLANT** |
| **VS.** | **CASE NO. 13-1262** | |
| **HARP & ASSOCIATES, LLC** | | **APPELLEE** |

**PETITION FOR PANEL REHEARING OR IN THE ALTERNATIVE FOR EN BANC REHEARING**

Comes now, *pro se* Appellant, who hereby submits the following Petition for a Panel Rehearing. In the event that the panel chooses to not rehear the case, Plaintiff requests that this Petition instead be submitted to the entire 8th Circuit (hence the portion of the title that reads "or in the alternative for *en banc* rehearing").

## BACKGROUND

1. Appellant filed a complaint in the United States District Court for the Western District of Arkansas (or just "the District Court" for short) claiming that Harp & Associates, LLC (Appellee), engaged in unlawful discrimination by pursuing an eviction proceeding and an unlawful-detainer action against him in state court. The district court dismissed his complaint, finding the claim to be barred under the Rooker-Feldman Doctrine.

2. This Court affirmed the decision of the District Court, but had its own reasons for doing so. It found that the Rooker-Feldman doctrine did not apply in the instant case, but found that Plaintiff had failed to state a claim upon which relief can be granted. It found that the unlawful detainer action spoken of in the Complaint was done in reaction, not to Stebbins engaging in any federally-protected activity, but to Stebbins remaining in an apartment unit after his lease agreement expired and the Defendant decided to not renew it.

## ARGUMENT

3. For the reasons set forth below, the Court should reverse its decision to affirm the decision of the District Court.

### The Court cannot raise issues, except jurisdiction, *sua sponte*.

4. The Court had its own reasons for affirming the decision of the District Court, and that is precisely the problem.

5. The Court may not raise issues on its own initiative unless the issue directly implicates the Court's subject-matter jurisdiction. And it does not get any simpler than that. See the following case laws:

(a) *Lufkins v. Leapley*, 965 F. 2d 1477, 1485 (1992) ("An appellate court will ordinarily give no consideration to questions not raised, briefed, or argued on appeal. We consistently follow this rule").

(b) *Rang v. Hartford Variable Annuity Life Ins. Co.*, 908 F. 2d 380, 383 (1990) ("Since the appellants did not raise their State law tort claims in their brief, those claims are deemed abandoned").

(c) *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir.1990) (refusing to consider point urged at oral argument but not in briefs).

(d) *Jacobsen v. Harris*, 869 F. 2d 1172, 1174 (8th Cir. 1989) ("We decline to review Jacobsen's other arguments that either were not raised in the district court, or were not raised and discussed in his appellate brief.")

(e) *Jasperson v. Purolator Courier Corp.*, 765 F. 2d 736, 740 (1985) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.")

(f) *Mississippi River Corp. v. FTC*, 454 F.2d 1083, 1093 (8th Cir.1972), "Questions not raised, briefed or argued will ordinarily be given no consideration by an appellate court.")

6. Plaintiff was able to find those half-a-dozen case laws after only about a half an hour of searching. In other words, Plaintiff could probably find several pages worth of case law affirming this precedent, if he took the entire two weeks allotted him by Fed. R. App. P. 40 to file this Petition. In other words, this is about as conclusively established as a precedent can ever get, and Plaintiff is disappointed that he even *has* to bring this to the Court's attention, as the Court SHOULD already know this (after all, most of the time when this precedent is invoked, the Court invokes it *sua sponte* because it lacks jurisdiction to consider issues that are not properly before it).

7. Therefore, for this reason alone, the Court should vacate its decision that Stebibns failed to state a claim upon which relief can be granted. Since the Court has resolved the Rooker-Feldman doctrine in Plaintiff's favor (the one issue wich was actually presented to the Court), this should entitle Plaintiff to reversal.

**Plaintiff alleged sufficient facts. Plaintiff is *pro se*. Issues were litigated.**

8. Even barring the Court's lack of authority to raise issues *sua sponte*, there is still the simple matter that the Court was in error when it held that the Defendants' actions were, on their face, not discriminatory. The Court held that the unlawful detainer action spoken of in the Complaint was done in reaction, not to Stebbins engaging in any federally-protected activity, but to Stebbins remaining in an apartment unit after his lease agreement expired and the Defendant decided to not renew it.

9. Finding such a reason to be valid, however, rests on the prerequisite assumption that the Defendant's decision to not renew Plaintiff's lease agreement was in an of itself made for nondiscriminatory reasons. At the very least, it rests on the assumption that a party is allowed, under the Fair Housing and Americans with Disabilitis Acts, to use discriminatory and/or retaliatory animus as a reason for not renewing a lease agreement.

10. The latter finding is legally frivolous. Renewed contracts are, officially, entirely new contracts. They lack any additional signatures, and the terms are identical to the previous version, but those are done for the sake of convenience; officially, the "renewed" contract is an entirely contract altogether. Therefore, a decision to not renew a contract should be subject to the same legal restrictions as a decision to not do business with Plaintiff in the first place.

11. Indeed, it seems as if even the *Defendants* have accepted this obvious truth. Notice Exhibits A, B, and C to this Petition, which were, essentially, the bulk of the discovery the parties engaged in in the District Court. The actual questions asked, admissions requested, and documents whose production were demanded clearly demonstrate that it was the parties' mindset that it was the decision to not renew the contract, not the subsequent filing of the unlawful detainer action, that was accused of being discriminatory. A good example of this would be Exhibit C, Interrogatory No. 5, where the Defendant requested information that would only be relevant if they believed that the crux of the case was the decision to not renew, not the unlawful detainer suit.

12. Therefore, not only has this issue not been raised on appeal; it hasn't even been raised *in the District Court*!!! Therefore, this Court really really REALLY has no business using it as a grounds for affirmance. See the following case laws:

(a) General Mills Operations v. Five Star Custom Foods, 703 F. 3d 1104, 1112 (8th Cir. 2013) ("This argument was not raised in the district court, and will not be considered for the first time on appeal").

(b) Joseph v. Allen, 712 F. 3d 1222, 1226 (8th Cir. 2013) ("[H]e raises the issue for the first time on appeal. Therefore, the argument is waived").

(c) TRUSTEES OF ELECTRICIANS'SALARY v. Wright, 688 F. 3d 922, 926 (8th Cir. 2012) ("[O]rdinarily, this court will not consider arguments raised for the first time on appeal").

(d) McCleary v. ReliaStar Life Ins. Co., 682 F. 3d 1116, 1120 (8th cir. 2012) ("[B]ecause McCleary did not raise the existence of a mortgage before the district court, we will not consider it for the first time on appeal.")

(e) Lopez v. Tyson Foods, Inc., 690 F. 3d 869, 875 (8th Cir. 2012) ("[O]rdinarily this court will not consider arguments raised for the first time on appeal").

(f) Kallail v. Alliant Energy Corporate Services, Inc., 691 F. 3d 925, 934 (8th Cir. 2012) ("[W]e decline to consider it for the first time on appeal").

13. Not only was THIS half-a-dozen cases also accumulated after only about a half an hour of searching, but only in the past two years alone! There are literally *hundreds* of published cases affirming this doctrine. Therefore, the criticism in the final sentence of Paragraph #6 of this Petition applies here as well, only Plaintiff's disappointment is stronger, since this precedent is even more cemented.

14. As for whether or not Plaintiff has filled his burden of proof when it comes to proving that the Defendant's explanation for not renewing the lease is pretextual … that is a decision for

the jury to make, not the Court. See United States v. Azure, 801 F. 2d 336, 340 (8th Cir. 1986), where this Court held that "[T]he jury is the lie detector in the courtroom," and isn't that what "pretextual" is? The Defendant *lying* about the reason they did something in order to cover the fact that they did it for discriminatory reasons? Therefore, whether or not the Defendant was telling the truth when it stated that the decision to not renew was motivated by a fear of fire danger … only the jury can decide whether they choose to believe that or not, and the Court is required to give great deference to their judgment.

15. Now, whether or not the Plaintiff's Complaint actually *articulated* that argument to the degree that it has been articulated in the above six paragraphs … that is legally excusable. Why is it excusable, you ask? Two reasons:

(a) Plaintiff was proceeding *pro se*, and thus, inartful pleadings must be given reasonable leeway, with reasonable inferences drawn. See *Haines v. Kerner*, 404 U.S. 519 (1972). This is especially true, seeing as that the District Court seemed to perfectly understand Plaintiff's arguments, which means that Plaintiff had no reason to suspect that the Appellate Court would not understand it (especially since the Defendant never made a motion under Fed. R. Civ. P. 12(e) for a more definite statement, and especially considering the fact that, ya know, *this Court isn't supposed to raise issues that aren't raised by the parties on appeal*!!!!)

(b) Barring Plaintiff's *pro se* status, Exhibit A shows that the parties still litigated this issue, thus triggering the applicability of Fed. R. Civ. P. 15(b)(2), which states, in pertinent part, that "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."

16. Therefore, even if Plaintiff failed to allege the facts alleged in Paragraphs #8 – 14, this

Court should still reverse its decision.

**CONCLUSION**

17. For all of the above-stated reasons, the decision of this Court should be reversed (or at the very least, vacated with a new briefing schedule established), and hopefully, the District Court's decision can be vacated, with the case remanded with instructions to try the case.

18. Wherefore, premises considered, Plaintiff respectfully requests that the Petition for Panel Rehearing be granted. So requested on this 15th day of August, 2013.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com