IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                    PLAINTIFF

VS.                         NO. 3:11-CV- 03078-PKH

HARP & ASSOCIATES REAL ESTATE SERVICES             DEFENDANT

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Harp & Associates LLC (incorrectly sued as "Harp & Associates Real Estate Services"), by and through its attorneys Wright, Lindsey & Jennings LLP, for its objections and responses to plaintiff's interrogatories and requests for production, states:

**INTERROGATORY NO. 1:** Provide an exhaustive and thorough set of explanations for why you made every denial that you made in your Answer and Response to Plaintiff's Requests for Admissions (all of them, including future ones; remember you are required to supplement your answers as new information becomes available).

**RESPONSE:** Objection. Interrogatory No. 1 is overly broad and confusing; seeks information that is protected by attorney-client privilege and/or attorney work product doctrine; and, insofar as it seeks explanations and information pertaining to each denial and defense in Ddefendant's Answer and to each response to Plaintiff's Requests for Admission, is in violation of Fed. R. Civ. P. 33(a)'s prohibition against serving more than 25 written Interrogatories. Defendant will provide a substantive response, subject to any relevant objections, when and if Plaintiff amends or limits Interrogatory No. 1 to specify a particular denial in Defendant's Answer or a particular denial in Defendant's responses to Requests for Admission.

**INTERROGATORY NO. 2:** Provide an exhaustive and thorough set of explanations for why you wanted Plaintiff to leave the apartment spoken of in Admission #1 in the first place. Remember, responses to Interrogatories are under oath. If you continue to stand by that sham excuse of the fires, I can, and I will, prove once again – just like I did before – that the fires were not my fault, thus proving that issue to be pretextual, and then, even if I can't get you on discrimination, you *will* go to jail for perjury, so be sure to give the ***real reasons*** for why you wanted me to leave.

**RESPONSE:** Objection. Defendant objects on the grounds that Interrogatory No. 2 is overly broad and confusing and seeks information that is protected by attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the foregoing objection, Defendant refers Plaintiff to the Complaint for Unlawful Detainer filed of record in *Harp & Associates, LLC v. David A. Stebbins*, Case No. CV2011-171-4 (Circuit Court of Boone County, Arkansas); to the sworn testimony at the August 20, 2011 hearing on Defendant's Complaint for Unlawful Detainer (at which Plaintiff was present); and to the September 3, 2011 order granting Harp & Associates' request for a writ of possession. Subject to and without waiving the foregoing objection, Defendant further states that Harp & Associates chose not to renew Plaintiff's lease for multiple reasons—each of them legitimate and non-discriminatory in nature—including but not limited to unsanitary living conditions; failure to report multiple water leaks, which caused damage to Plaintiff's unit; and two fires in Plaintiff's unit caused by Plaintiff having multiple electrical devices plugged into multiple power strips throughout the apartment. Defendant further states that after Plaintiff held over willfully and unlawfully, Harp & Associates commenced the unlawful detainer action to pursue

and protect its legal rights under Arkansas law. Defendant further states that it sought to evict Plaintiff only after the Boone County Circuit Court issued the appropriate relief (namely, the aforementioned writ of possession), and only after Plaintiff failed to post the surety bond as ordered by the Boone County Circuit Court.

**INTERROGATORY NO. 3:** Provide an exhaustive and thorough set of explanations for why you did everything I accused you of doing in the Complaint and Requests for Admissions (remember, responses to interrogatories are made under oath, so stand by your denials at your own risk).

**RESPONSE:** Objection. Interrogatory No. 3 is overly broad and confusing; seeks information that is protected by attorney-client privilege and/or attorney work product doctrine; and, insofar as it seeks explanations and information pertaining to each and every statement in Plaintiff's Complaint and in his Requests for Admissions, is in violation of Fed. R. Civ. P. 33(a)'s prohibition against serving more than 25 written interrogatories. Defendant will provide a substantive response, subject to any relevant objections and/or denials, when and if Plaintiff amends or limits Interrogatory No. 3 to specify a particular allegation in the Complaint or in Plaintiff's Requests for Admissions.

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents in your possession – electronic and paper – where my name, or any portion thereof, appears anywhere in the document.

**RESPONSE:** Objection. Request for Production No. 1 is overly broad and confusing, and Harp & Associates cannot be expected to discern the nature or scope of Plaintiff's request or determine what documents may or may not be included within the nature or scope of

Plaintiff's request. Defendant further objects on the grounds that Request for Production No. 1 seeks documents that are subject to attorney-client privilege and/or the attorney work product doctrine and seeks documents and information that are inadmissible and are not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see attached.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents in your possession – including otherwise private emails – that concern me in any way, shape, or form.

**RESPONSE:** Objection. Request for Production No. 2 is overly broad and confusing, and Harp & Associates cannot be expected to discern the nature or scope of Plaintiff's request or determine what documents may or may not be included within the nature or scope of Plaintiff's request. Defendant further objects on the grounds that Request for Production No. 2 seeks documents that are subject to attorney-client privilege and/or the attorney work product doctrine and seeks documents and information that are inadmissible and are not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see attached.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents which verify the truthfulness of your answers to each interrogatory. For example, I want all the documents in your possession which prove that the answer(s) given to Interrogatory #3 (requesting the reasons – the *real* reasons – why you wanted me to leave the apartment in the first place) really are the real reasons, and not just the reasons you come up with to keep the real reasons secret. I also want all the documents that verify that the reasons you gave for your responses to Interrogatories #1 and #2 are actually the real reasons you made the denials, and not just cover

up reasons for the real reasons, (which is, you don't want me to be able to win the case, even though you know you did wrong).

**RESPONSE:** Objection. Request for Production No. 3 is overly broad and confusing, and Harp & Associates cannot be expected to discern the nature or scope of Plaintiff's request, or determine what documents may or may not be included within the nature or scope of Plaintiff's request. Defendant further objects on the grounds that Request for Production No. 2 seeks documents that are subject to attorney-client privilege and/or the attorney work product doctrine and seeks documents and information that are inadmissible and are not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see attached.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: elowther@wlj.com
     sjewell@wlj.com

By _____
Edwin L. Lowther, Jr. (81107)
Seth R. Jewell (2011175)
Attorneys for Defendant

## VERIFICATION

I, Randy Moore, do hereby state, on oath, that the facts and information set forth above are true and correct to the best of my knowledge, information and belief.

RANDY MOORE
Harp & Associates, LLC
300 S. Main
Harrison, AR 72601

*/s/ Randy Moore*

STATE OF ARKANSAS
COUNTY OF BOONE

On this 13th day of April, 2012, before me, a Notary Public, personally appeared Randy Moore, an individual, who executed the foregoing instrument for the purposes therein contained, by signing his name thereto.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*/s/ Shana L. Raver*
Notary Public

My Commission Expires:

7-10-13

CERTIFICATE OF SERVICE

On April 10th, 2012, a copy of the foregoing was served by First Class U.S. Mail and by email on the following:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601
stebbinsd@yahoo.com

_____
Seth R. Jewell